Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000998
30-APR-2014
08:34 AM

NO. CAAP-12-0000998

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HARRY J. COLES, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-0774)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Petitioner-Appellant Harry J. Coles (**Coles**) appeals *pro se* from the October 26, 2012 Order 1) Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; 2) Denying All Pending Motions (**Order Denying Post-Conviction Relief**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

In Criminal No. 07-1-0774, after a jury trial, Coles was convicted of Unauthorized Control of Propelled Vehicle in violation of Hawaii Revised Statutes (**HRS**) § 708-836 (Supp. 2006) (**Unauthorized Control**) and Possessing Intoxicating Liquor While Operating Motor Vehicle in violation of HRS § 291-3.1(b) (Supp. 2006). Coles filed an appeal. On May 11, 2009, this court

---

[1] The Honorable Dexter D. Del Rosario presided.

affirmed the judgment of conviction. Coles's application for a writ of certiorari was rejected.

On June 8, 2012, Coles filed a Petition for Post-Conviction Relief (**Rule 40 Petition**), asserting numerous grounds for relief. On October 26, 2012, the Circuit Court entered the Order Denying Post-Conviction Relief, which denied the Rule 40 Petition without a hearing.

Although considerable effort is evident, Coles's opening brief does not comply with the requirements of Hawai'i Rules of Appellate Procedure Rule 28, including that the brief fails to consistently cite to the record on appeal. These deficiencies hamper our review. We, nevertheless, have attempted to review the merits of Coles's arguments. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) ("the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible") (citations omitted); see also Hawaiian Props., Ltd. v. Tauala, 125 Hawai'i 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011).

Coles argues that the Circuit Court erred when it denied the Rule 40 Petition without a hearing and raises the following points of error:

(1) The trial court erred by failing to instruct the jury regarding the "agent affirmative" defense in HRS § 708-836 (Supp. 2006);

(2) There was insufficient evidence to support his conviction;

(3) The trial court erred in its jury instruction

regarding the elements of Unauthorized Control and with respect to a mistake-of-fact instruction;

(4 & 5)   In discovery, the prosecution failed to provide the defense with evidence favorable to the defense;

(6)   The trial court lacked subject matter jurisdiction over Coles's sentencing;

(7)   The revocation of Coles's probation was improper;

(8)   Coles received ineffective assistance of trial counsel; and

(9)   Coles received ineffective assistance of appellate counsel.

In Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994), the Hawai'i Supreme Court held that the issue of whether a trial court erred in denying a Rule 40 petition without a hearing based on the failure to show a colorable claim is reviewed on appeal *de novo*; thus, the right/wrong standard of review is applicable.  Additionally, in Stanley v. State, 76 Hawai'i 446, 450, 879 P.2d 551, 555 (1994), the supreme court noted that

> HRPP Rule 40(a)(3) restricts the issues that may be raised in a post-conviction proceeding and provides in pertinent part that "said proceeding shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."

The supreme court recently reiterated the standards applicable to a Rule 40 petition:

> HRPP Rule 40(a)(3) provides as follows:

> > Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal,

3

in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. <u>There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure</u>.

(Emphases added [by supreme court]).

Thus, "an issue is waived if the petitioner knowingly and understandingly failed to raise it" (a rebuttable presumption of knowing and understanding failure arises from such omission), "and it could have been raised before the trial, at the trial, on appeal, ... [in] any other proceeding actually conducted, or in a prior proceeding actually initiated under [Rule 40], and the petitioner is unable to prove the existence of extraordinary circumstances to justify ... failure to raise the issue." <u>Fragiao v. State</u>, 95 Hawai'i 9, 15-16, 18 P.3d 871, 877-78 (2001).

This court has held that a claim of ineffective assistance of counsel is not considered "waived" for the purposes of an HRPP Rule 40 petition if there was "no realistic opportunity" for the petitioner to raise the claim in the proceedings specified by the rule. See <u>Briones v. State</u>, 74 Haw. 442, 459-60, 848 P.2d 966, 975 (1993) (holding that petitioner was unable to raise ineffective assistance of counsel issue on direct appeal where petitioner was represented by same counsel at trial and on direct appeal); <u>Fragiao</u>, 95 Hawai'i at 16, 18 P.3d at 878 (2001) (finding no waiver of claim asserting trial counsel's conflict of interest where petitioner was unaware of conflict until new appellate counsel was appointed).

In <u>De La Garza</u>, we held that a petitioner seeking postconviction relief under HRPP Rule 40 presented sufficient evidence to rebut the presumption that he knowingly and understandingly waived the issue. 129 Hawai'i at 443, 302 P.3d at 711. In that case, <u>De La Garza</u> asserted that he did not receive evidence containing adverse information in an HPA file prior to his second hearing and was thus deprived of a "meaningful opportunity to be heard on the issue of the minimum term." <u>Id.</u> at 441-42, 302 P.3d at 709-10. The ICA held that De La Garza had waived the issue by failing to raise it in the Rule 40 Petition. <u>Id.</u> at 442, 302 P.3d at 710. This court vacated the ICA's holding and held that "a claim . . . is not considered 'waived' for the purposes of a HRPP Rule 40 petition if there was 'no realistic opportunity' for the petitioner to raise the claim[.]" <u>Id.</u> at 442-43, 302 P.3d at 710-11.

<u>Fagaragan v. State</u>, __ Hawai'i __, 320 P.3d 889, **9-10 (2014).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Coles's arguments on appeal as

4

follows:

(1 & 3)   We find no error in the trial court's jury instructions.  There is no evidence that Coles received authorization from an agent of the owner.  A mistake-of-fact instruction, rather than an "agent affirmative" instruction, was properly given to the jury.  Also, the trial court's deletion of redundant language in the instruction on the offense of Unauthorized Control was not erroneous.

(2)   Viewing the evidence in the light most favorable to the State, which we must do, we conclude that there was sufficient evidence to support Coles's Unauthorized Control conviction.

(4 & 5)   There is no evidence, either in the record or by way of submission of additional evidence in conjunction with the Rule 40 Petition, supporting Coles's assertions regarding discovery violations.  These claims are without merit.

(6)   Coles's assertion that the trial court lacked subject matter jurisdiction over his sentencing is without merit.

(7)   We find no error related to the revocation of Coles's probation.

(8)   In his direct appeal, Coles raised, *inter alia*, the contention that he received ineffective assistance of trial counsel.  In its May 11, 2009 Summary Disposition Order, this court ruled, *inter alia*, that "Coles' ineffective assistance of counsel claim is without merit."  Thus, the issue of ineffective assistance of trial counsel has been previously ruled upon and relief may not be provided pursuant to Hawai'i Rules of Penal Procedure Rule 40.

(9)   To the extent that Coles asserts appellate counsel's failure to raise the above-referenced issues, we conclude that his claim is without merit.  Coles's general contention that appellate counsel otherwise failed to identify grounds for an appeal is insufficient to support his claim of ineffective assistance of counsel.  See State v. Wakisaka, 102 Hawai' 504, 514, 78 P.3d 317, 327 (2003) ("defendant has the burden of establishing . . . 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense").

Although not raised as a point of error, Coles also argues that the trial court abused its discretion in failing to remove juror #20.  Coles did not object to juror #20.  His contentions are entirely speculative.  This argument is without merit.

For these reasons, the Circuit Court's October 26, 2012 Order Denying Post-Conviction Relief is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2014.

On the briefs:

Harry J. Coles
Petitioner-Appellant Pro Se


Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge